1
2
3
4
5
6
7
8
9

The Honorable Marsha J. Pechman

10
11
12

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

13

PEARL THOMAS,

No. 2:21-cv-00661 (MJP)

14

Plaintiff,

**JOINT STATUS REPORT AND
DISCOVERY PLAN**

15
16

v.

17
18
19

AMAZON.COM, INC., AMAZON WEB
SERVICES, INC., and KEITH DURJAVA and
JIM HANDORF, in their individual and
professional capacities,

20

Defendants.

21
22
23
24
25
26
27
28

Pursuant to the Court's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement (Dkt. 20), Plaintiff Pearl Thomas ("Plaintiff") and Defendants Amazon.com, Inc., Amazon Web Services, Inc. (together, "Amazon"), and Keith DurJava and Jim Handorf (with Amazon, "Defendants"), by and through their undersigned counsel of record, hereby submit this Joint Status Report and Discovery Plan.  The parties have conferred in good faith in an attempt to prepare this joint submission.

## 1.    Statement of Nature and Complexity of the Case

### a.    Plaintiff's Statement

Plaintiff has filed discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, Section 1981, and the Washington Laws against Discrimination ("WLAD") (all as amended).  These claims are supported by specific, factual allegations and legal theories of liability based upon discrimination / disparate treatment in the terms and conditions of her employment on the basis of her race (Black), hostile work environment, and retaliation.  Plaintiff also has an aiding and abetting claim under the WLAD against Defendant Jim Handorf.

Plaintiff began working for Defendants Amazon Web Services in June 2020 as a Human Resources Partner.   In early 2021, Defendant DurJava (Ms. Thomas's then-supervisor) and Stephanie Downey, Senior HR Business Partner, began subjecting Ms. Thomas to disparate treatment, with Ms. Downey admitting that she had "difficulties working with people of color." After Ms. Thomas complained to Mr. DurJava about Ms. Downey's discriminatory conduct and attitude, Mr. DurJava angrily said "Damn nigger" when he seemingly believed Ms. Thomas had hung up and he was alone on a work call.

Ms. Thomas made several legally protected complaints regarding this unlawful conduct, which was followed by blatant retaliatory adverse actions and pressure by Defendants, including stripping Ms. Thomas of all but her administrative job duties and removing her from all major projects and strategic initiatives (reducing her role to one at least two levels below her ostensible job level at the Company), tripling the number of employees she had to cover in her ministerial HR duties than was normal, placing Ms. Thomas on "Focus" status without explanation on an

JOINT STATUS REPORT AND
DISCOVERY PLAN
CASE NO. 2:21-cv-00661 (MJP)

1

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000

indefinite basis, which prohibited her from transferring or being promoted without the approval of the very managers who were discriminating and retaliating against her, and actively blocked Ms. Thomas's transfer to a more desirable role on the Diversity Team. Defendants have continued this retaliatory pressure campaign up to the present, the extreme stress of which has forced Ms. Thomas to take intermittent medical leave on doctors' orders.

### b.    Defendants' Statement

Plaintiff Pearl Thomas has been, and continues to be, a Human Resources employee working for Amazon Web Services. In her roughly one year with Amazon, despite the fact that she has alleged that she received a pay raise and a positive formal review, Plaintiff claims that she has been subjected to discrimination, retaliation, and harassment based on her race. Defendants believe that the scope of Plaintiff's claims will be limited significantly following ruling on Defendants' Motion to Dismiss because Plaintiff has not suffered any adverse employment action during her time with Amazon. Defendants deny that Focus is any type of performance improvement plan or adverse action; rather, Focus is a development tool available to managers to support the development of their team—something Plaintiff admits to being quite familiar with in her role within HR. While Amazon maintains that Plaintiff has exhibited sustained performance gaps which warrant performance counseling, Defendants deny that being in Focus is an adverse employment action that allows her to pursue her discrimination or retaliation claims. As a result, while Plaintiff has filed this action against not only Amazon, but two of her former supervisors for alleged mistreatment based on her race under 42 U.S.C. 1981, the Washington Law Against Discrimination, and Title VII of the Civil Rights Act, Defendants anticipate the scope of claims to narrow at the pleading stage or, if her claims survive Defendants' pleading challenge, at summary judgment.

Defendants deny all of Plaintiff's allegations and are confident that discovery will show that they lack any merit. Defendants have not only treated Plaintiff fairly and commensurate with job performance during her time at Amazon, but they have certainly not taken any action against her—nor made any derogatory, disrespectful, or unprofessional comments—because of her race.

JOINT STATUS REPORT AND
DISCOVERY PLAN
CASE NO. 2:21-cv-00661 (MJP)

2

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, New York, NY 10166-0193
Telephone:  212.351.4000

Amazon is an equal opportunity employer that strongly values and promotes diversity, respect, and inclusion in the workplace. Discrimination, retaliation, and harassment of any kind are not tolerated and Amazon has taken Plaintiff's allegations very seriously as a result. As soon as Plaintiff suggested that she felt she was being treated unfairly, those concerns were escalated to Amazon's "HR for HR" and Employee Relations teams in accordance with Amazon's policies. The claims were then promptly and thoroughly investigated through Amazon's normal channels. Amazon has concluded that no wrongdoing occurred and that none of Plaintiff's claims could be substantiated. Amazon is confident that any of Plaintiff's claims that proceed following ruling on Defendants' Motion to Dismiss will similarly fail here.

### c.    Jurisdiction

The parties agree that the Court has original subject matter jurisdiction over Plaintiff's claims under Title VII and Section 1981 because the claims arise from a federal statute. 28 U.S.C. § 1331. The parties also agree that the Court currently has supplemental jurisdiction over Plaintiff's parallel state law claims.

On July 20, 2021, Defendants filed a Motion to Dismiss, seeking dismissal of Plaintiff's federal and state claims. (*See* Dkt. 13.) In response, on August 9, 2021, Plaintiff filed an amended Complaint. (*See* Dkt. 19.) Defendants filed a Motion to Dismiss Plaintiff's amended Complaint on August 23, 2021. (*See* Dkt. 24.)

All parties have been served.

### 2.    Proposed Deadline for Joining of Additional Parties

The parties do not anticipate the joinder of additional parties, but propose that the deadline to Join Additional Parties be set for 30 days after the Court's issuance of its Scheduling Order.

### 3.    Consent to the Assignment of a United States Magistrate Judge

The parties have previously declined to assign this case to a Magistrate Judge.

### 4.    Related Cases

There are no related cases of which the parties are aware at this time.

### 5.    Initial Disclosures

The parties have exchanged initial disclosures as of the filing of this Joint Report.

JOINT STATUS REPORT AND
DISCOVERY PLAN
CASE NO. 2:21-cv-00661 (MJP)

3

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, New York, NY 10166-0193
Telephone: 212.351.4000

### 6.    Timing or Form of Expert and Pretrial Disclosures

The parties agree that no changes should be made at this time to the timing or form of expert or pretrial disclosures under Federal Rule of Civil Procedure 26(a)(2)–(4).

### 7.    Discovery

#### a.    Subject, Timing, and Potential Phasing of Discovery

The parties foresee no need for the phasing of discovery in this case. The parties agree to use, subject to requested modifications, this Court's Model Stipulated Protective Order and Model Agreement Regarding Discovery of Electronically Stored Information. If the parties seek any modifications to the Court's Models, it will note the requested changes and additions to those Orders when submitting them to the Court for approval.

**Plaintiff's Position**: Defendants have moved to dismiss certain claims of Plaintiff's Amended Complaint and have not moved to dismiss Plaintiff's claims of discriminatory or retaliatory hostile environment except with regard to Defendant Handorf. (*See* Dkt. 24.) Therefore, Plaintiff's Section 1981, Title VII, and the WLAD claims of discrimination and retaliation (on the basis of discriminatory and retaliatory hostile work environment) will remain part of this matter regardless of the Court's ruling on Defendants' Motion to Dismiss. Discovery therefore should proceed without a stay while the Motion to Dismiss is pending, because the discoverable documents, testimony, and information relevant to the claims Defendants seek to dismiss also pertain to the claims that Defendants have not moved to dismiss.

Plaintiff intends to pursue all discovery methods available under the Federal Rules of Civil Procedure, including depositions, interrogatories, requests for admissions, and requests for production, to obtain information related to Plaintiff's claims and Defendants' defenses, including, but not limited to: (i) the factual and legal bases for the claims of alleged wrongdoing asserted in Plaintiff's complaint (ii) Defendants' defenses; and (iii) Plaintiff's damages.

**Defendants' Position:** Plaintiff's response to Defendants' Motion to Dismiss Plaintiff's Amended Complaint was filed on September 20, 2021 and Defendants' reply is due on October 1, 2021. In an effort to streamline discovery and minimize costs for all parties, Defendants propose

JOINT STATUS REPORT AND
DISCOVERY PLAN
CASE NO. 2:21-cv-00661 (MJP)

4

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, New York, NY 10166-0193
Telephone: 212.351.4000

postponing the initiation of discovery, apart from the exchange of Initial Disclosures, until the Court has ruled on Defendants' motion to dismiss.

Depending on the scope of claims Plaintiff is permitted to pursue following ruling on Defendants' Motion to Dismiss, Defendants anticipate pursuing all written and oral discovery, including discovery obtained from third parties, related to Plaintiff's claims and Defendants' defenses.

**b.      Promotion of Expeditious and Inexpensive Resolution**

The parties will endeavor to resolve the case as promptly as practicable in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules for the Western District of Washington. To promote the expeditious and inexpensive resolution of this case, the parties agree to: (i) share discovery from third parties and the cost of obtaining that discovery; (ii) meet and confer regarding any discovery disputes and, if a resolution cannot be achieved, request an informal conference with the Court to resolve discovery disputes; and (iii) propose a model protective order and agreement relating to discovery and electronically stored information (*see* para. 7.a. *supra*).

**8.      Preservation of Discoverable Information**

The parties have discussed and are aware of their obligations to preserve discoverable information, including ESI. The parties have undertaken efforts to preserve potentially discoverable information in their respective possession and control.

**9.      Electronically Stored Information**

The parties have discussed and anticipate that the discovery of ESI will be necessary in this case. The parties agree to meet and confer regarding the scope of any ESI. The parties anticipate that documents will be produced in pdf format, except Excel spreadsheets and PowerPoints may be produced natively.

**10.     Privilege Issues**

The parties anticipate that this case will involve claims of privilege or work product protection. The parties have agreed to produce privilege logs recording any responsive materials that are withheld on the grounds of attorney-client privilege, attorney work-product protection, or

JOINT STATUS REPORT AND
DISCOVERY PLAN
CASE NO. 2:21-cv-00661 (MJP)

5

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, New York, NY 10166-0193
Telephone: 212.351.4000

any other applicable privilege.  The parties agree to produce such logs as soon as is practicable, and at least within twenty-one (21) days of withholding any material from production or disclosure.

The parties further agree that, to avoid unnecessary burdens on the parties and their counsel, and to avoid requiring the parties to create privilege log entries that could constitute disclosures of information and communications protected by the work-product doctrine and/or attorney-client privilege ("privileged communications"), the parties should not be required to list on their respective privilege logs any privileged communications that relate to this litigation and which post-date the initial filing of the Complaint.

**11.    Procedures For Handling the Inadvertent Disclosure of Privileged Information**

The parties agree that inadvertent disclosure of privileged information will be handled in accordance with Federal Rules of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502.

If a party inadvertently receives privileged information, the parties agree that it will be improper for the receiving party to retain privileged information.  Instead, such information should be promptly returned to the producing party or destroyed upon notice of its inadvertent disclosure.

**12.    Limitations on Discovery**

The parties agree to abide by the default limitations on discovery imposed by the Federal Rules of Civil Procedure, including, but not limited to, Rules 26(b) and 33(a)(1).  The parties agree to electronic service (by email) of discovery documents, such that service of paper copies is unnecessary.

**Plaintiff's Position:** Plaintiff objects to any limitations on discovery beyond what is set forth in the applicable Federal Rules. Due to the various specific factual details of this case and need to make tailored requests for production, a limitation of sixty (60) requests will unnecessarily prejudice Plaintiff's ability to prosecute her case and interfere with the Parties' ability to make specific document requests.

**Defendants' Position:**  In an effort to further limit the expense of discovery in this action, Defendants propose that each side be permitted to serve no more than twenty-five (25) requests

JOINT STATUS REPORT AND
DISCOVERY PLAN
CASE NO. 2:21-cv-00661 (MJP)

6

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, New York, NY 10166-0193
Telephone:  212.351.4000

for admission and no more than sixty (60) requests for production absent agreement of the parties or authorization from the Court upon a showing of good cause.

**13.    Close of Discovery**

**Plaintiff's Position:** Plaintiff proposes six months after the date of the Court's Scheduling Order as the close of all discovery.

**Defendants' Position:** Defendants propose 120 days before trial as the close of all discovery.

**14.    Suggestions for Prompt and Efficient Resolution of the Case**

At this time, the parties do not have any other suggestions for simplifying or shortening the case.

**15.    Alternative Dispute Resolution**

The parties will consider voluntary mediation.  At this time, the parties do not intend to use the Local Civil Rule 39.2 Individualized Trial Program.

**16.    Trial Date and Calendaring Conflicts**

The parties estimate that there will be dispositive motion practice in this matter and therefore estimate that it will be more than 12 months until the case is ready for trial.

Defendants are not available for trial on the following dates:

- June 2–14, 2022
- June 22–24, 2022
- July 11–13, 2022

**17.    Jury Trial**

Plaintiff has made a jury demand.

**18.    Trial Days**

The parties anticipate that a trial will take approximately five to seven days.

**19.    Corporate Disclosure Statement**

Amazon.com, Inc. and Amazon Web Services, Inc. filed their corporate disclosure statement on July 20, 2021 (Dkt. 12).

JOINT STATUS REPORT AND
DISCOVERY PLAN
CASE NO. 2:21-cv-00661 (MJP)

7

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, New York, NY 10166-0193
Telephone:  212.351.4000

Dated this 21st day of September, 2021.

Respectfully submitted,

s/ Sheehan Sullivan
Sheehan Sullivan, WSBA # 33189
Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Tel:  (206) 757-8152
Fax:  (206) 757-7152
Email:  sulls@dwt.com

Jason C. Schwartz*, DC # 465837
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue
Washington, DC 20036-5306
Tel:  (202) 955-8242
Fax:  (202) 530-9522
Email:  JSchwartz@gibsondunn.com

s/ Mylan L. Denerstein
Mylan L. Denerstein*, NY # 2620730
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
Tel:  (212) 351-3850
Fax:  (212) 351-6350
Email:  MDenerstein@gibsondunn.com

Megan Cooney*, CA # 295174
Gibson, Dunn & Crutcher LLP
3161 Michelson Drive
Irvine, CA 92612-4412
Tel:  (949) 451-4087
Fax:  (949) 475-4778
Email:  MCooney@gibsondunn.com

* Admitted Pro Hac Vice


Attorneys for Defendants Amazon.com, Inc.,
Amazon Web Services, Inc., Keith DurJava,
and Jim Handorf


By: s/ Jamal N.Whitehead
Jamal N. Whitehead, WSBA #39818
SCHROETER GOLDMARK & BENDER
810 Third Avenue, Suite 500
Seattle, WA 98104
Telephone:  (206) 622-8000

JOINT STATUS REPORT AND
DISCOVERY PLAN
CASE NO. 2:21-cv-00661 (MJP)

8

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, New York, NY 10166-0193
Telephone:  212.351.4000

1
2

Facsimile:  (206) 682-2305
whitehead@sgb-law.com

3

By: *s/ Lawrence M. Pearson*

4

Lawrence M. Pearson (admitted pro hac vice)
Anthony G. Bizien (admitted pro hac vice)

5

WIGDOR LLP
85 Fifth Avenue
New York, NY 10003

6

Telephone:  (212) 257-6800
Facsimile:  (212) 257-6845

7

lpearson@wigdorlaw.com
abizien@wigdorlaw.com

8
9

Attorneys for Plaintiff Diana Cuervo

10
11
12

## **ATTESTATION**

13
14

I hereby certify attest that I have received concurrence in the filing of this document from

15

each of the other Signatories.

16

*s/ Mylan L. Denerstein*

17

Mylan L. Denerstein

18
19
20
21
22
23
24
25
26
27
28

JOINT STATUS REPORT AND
DISCOVERY PLAN
CASE NO. 2:21-cv-00661 (MJP)

9

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, New York, NY 10166-0193
Telephone:  212.351.4000